# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                         Case No. 10-20014
                                                                         Honorable Denise Page Hood

PRAMOD RAVAL (D-10),

        Defendants.

_____/

## ORDER GRANTING MOTION TO WITHDRAW COUNSEL

This matter is before the Court on Attorney Christopher A. Andreoff's motion to withdraw from representation of Defendant Pramod Raval. The Government objects to this request arguing that this matter has been pending for over two years and that outside counsel has ample time to prepare before trial.

Raval was indicted on January 12, 2010 for conspiracy pursuant to 18 U.S.C. § 371. Raval's counsel filed a motion to withdraw on January 25, 2012. Mr. Andreoff claims circumstances have caused an irreparable breakdown in the attorney-client relationship which prevents him from providing adequate representation. Mr. Andreoff claims that Raval has been unable to discharge his financial obligations to Mr. Andreoff's law firm for the past two months. Additionally, Raval has indicated his dissatisfaction with current counsel and that he has obtained substitute counsel.

It is well established that a criminal defendant accused of a felony as a Sixth Amendment right to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *Faretta v. California*, 442 U.S. 806

1

(1975). Mr. Andreoff is not appointed but retained counsel. The Sixth Amendment guarantee is applicable to both retained and appointed counsel and "would stand for little if the often uniformed decision to retain a particular lawyer could reduce or forfeit the defendant's entitlement to constitutional protection." *Cuyler v. Sullivan*, 446 U.S. 1708, 1716 (1980). The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court. *Thorpe v. United States*, 445 F.Supp.2d 18, 22 (D.D.C. 2006). The Local Rules provide that an attorney, whether retained or appointed, making an appearance on behalf of a defendant continues to represent the defendant through counsel unless the district court grants a motion to withdraw prior to the notice of appeal being filed. E.D. Mich.L.C.R. 57.1(a).

If an attorney makes an appearance on behalf of a criminal defendant that attorney cannot withdraw without approval of the Court. *United States v. Davis*, 373 F.Supp.2d 788, 789 (E.D. Tenn. 2005). Mr. Andreoff has appeared on behalf of Raval numerous times. In deciding whether or not to grant or deny counsel's motion to withdraw, the Court's primary concern should be to ensure that the defendant's interest is not adversely affected by any withdrawal. *United States v. Heron*, 513 F.Supp.2d 393, 394 (E.D. Pa. 2007). The Court must also consider the timeliness of the motion and whether the conflict between the defendant and his counsel is so great that it results in a lack of communication preventing an adequate defense. *United States v. Newell*, 584 F.Supp.2d 201, 202 (D. Me. 2008). Such a conflict is more difficult to establish when "the record shows that counsel has provided an adequate defense to-date and when client and counsel engaged in productive communications in the past." *Id.* at 203.

It appears that Raval and his current counsel no longer share the same opinion regarding the direction of Raval's defense. Raval indicated at the hearing that he did not agree with the direction of Mr. Andreoff's defense. Raval had consulted with another attorney and obtained

2

substitute counsel before communicating his dissatisfaction with Mr. Andreoff. The Government objects that allowing Raval to substitute counsel and further delaying the trial would not serve the interests of justice and may encourage Raval to repeat this request in the future. The Government also noted that this would be the seventh adjournment.

The Court notes that both the defense and the Government have contributed to the prior trial adjournments. While the Court recognizes that the Government would like to proceed, Raval's Sixth Amendment right to counsel outweighs the Government's interest in a speedy trial. The Court further notes that the Government's request to sever Raval from the trial due to expense and age of the evidence is meritorious. However, the Government would have to spend additional resources to try Raval by himself. Most of the other defendants agree to the adjournment. The Court finds that there has been a breakdown in the attorney-client relationship and grants Raval's counsel's motion to withdraw as counsel.

Accordingly,

IT IS ORDERED Attorney Christopher A. Andreoff motion to withdraw as counsel for Defendant Pramod Raval **[Docket No. 429, filed January 25, 2012]** is **GRANTED**. Christopher Andreoff is terminated as counsel for the Defendant.

IT IS FURTHER ORDERED that new defense counsel must file an appearance by February 17, 2012. No further adjournments will be granted in this matter in light of current defense counsel's representations to the Court regarding new counsel's ability to prepare this case for trial.

IT IS FURTHER ORDERED that new counsel will appear at the next scheduled matter, the final pretrial conference, on April 30, 2012, 2:30 p.m.

DATED: February 9, 2012

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2012, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager