UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RICHARD SHANNON D15,

        Defendant.

                                                   /

Case No. 10-CR-20014
Honorable Denise Page Hood

## ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

On October 26, 2012, a jury found Defendant Richard Shannon guilty of one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349. Defendant now moves for a judgment of acquittal or, in the alternative, for a new trial. For the reasons stated in more detail below, Defendant's motion for judgment of acquittal or, in the alternative, for a new trial is DENIED.

**I.**

Pursuant to Federal Rule of Criminal Procedure 29(c)(2), the Court may set aside a verdict and enter a judgment of acquittal. Defendant challenges the sufficiency of the evidence before the Court. "A defendant claiming 'insufficiency of the evidence bears a very heavy burden." *United States v. Wright*, 16 F.3d 1429, 1439 (6th Cir. 1994) (quoting *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir. 1986). The question before the Court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1978) (citing *Johnson v. Virginia*, 406 U.S. 356, 362 (1972)) (emphasis in original). "The government

may meet its burden through circumstantial evidence alone, and such evidence need not exclude every possible hypothesis except that of guilt." *United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir. 1995). In considering the Rule 29 motion, the Court cannot "weigh the evidence, assess the credibility of the witnesses, or substitute [its] judgment for that of the jury." *Wright*, 16 F.3d at 1440. Further, the Court must draw all reasonable inferences in favor of the jury verdict. *United States v. Conatser*, 514 F.3d 508, 518 (6th Cir. 2008).

## II.

### A.     Insufficient Evidence

First, Defendant argues that various links in the chain were missing to prove beyond a reasonable doubt that Defendant "knowingly and willfully" joined the conspiracy to commit health care fraud at All American and Patient Choice. Unsurprisingly, the Government disagrees. The Government highlights the following pieces of evidence:

- Special Agent Mark Krieg testified to the following statements made by Defendant during proffer sessions with the government: Defendant agreed to recruit patients for Patient Choice and All American; Defendant paid patients to enroll in home health care at Patient Choice and All American; Defendant told co-conspirators Hassan Akhtar and Muhammad Shahab that he paid patients and received money from Ahktar and Shahab in order to pay patients to enroll in home health care; and Defendant knew that patients were not receiving services.
- Shahab testified that he saw Defendant paying a beneficiary to sign home health care forms and that Shahab paid Defendant a set rate per patient. Shahab further testified

2

that Defendant asked for a rate increase because other recruiters were paying patients more money.

- A Medicare beneficiary testified that Defendant offered to pay individuals at her apartment complex in exchange for signing up for home health care and that Defendant agreed to pay her $100 to sign blank All American physical therapy revisit notes. The beneficiary was paid $100 and never received physical therapy services as indicated in the revisit notes.

- A second beneficiary testified to seeing Defendant at the apartment of a separate recruiter. Defendant was accompanied by several beneficiaries who were signing blank revisit notes. He further testified to seeing Defendant at a Detroit homeless shelter offering to pay beneficiaries to see a physician.

Considering all the evidence in the light most favorable to the Government, a reasonable juror could have found that the evidence established beyond a reasonable doubt that Defendant knowingly and willingly induced and paid Medicare beneficiaries to enroll in home health care or see a physician and that these services were billed to Medicare but never rendered. In short, there was sufficient evidence for the trier of fact to find that Defendant had joined in the overall conspiracy to commit health care fraud at All American and Patient Choice.

### B. Variance

Second, Defendant argues that there was a variance from the evidence presented and what was charged in the indictment. "A variance to the indictment occurs when the charging terms of the indictment are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment." *United States v. Caver*, 470 F.3d 220, 235 (6th Cir. 2006); *see United*

3

*States v. Blackwell*, 459 F.3d 739, 762 (6th Cir. 2006) ("A variance occurs when an indictment alleges one large conspiracy but the evidence at trial establishes multiple conspiracies."). Reversal of a conviction due to a variance requires the defendant to prove: (1) a demonstrated variance, and (2) that the variance affected a substantial right of the defendant. *United States v. Budd*, 496 F.3d 517, 521–22 (6th Cir. 2007). The substantial rights of a defendant are affected if the defendant was convicted based on a conspiracy in which he did not participate. *Blackwell*, 459 F.3d at 762.

Defendant argues that the evidence presented at trial demonstrated the existence of separate conspiracies that were connected by Shahab as the common link. To this effect, Defendant urges that the Court find the present matter similar to *Kotteakos v. United States*, 328 U.S. 750, 765 (1946).

The Court finds that the facts presented here do not necessitate the same result. *Kotteakos* involved multiple conspiracies that were connected by one common broker; however, the separate defendants had no knowledge of or connection to one another outside of the one common broker. *Id.* at 754. In effect, the conspiracies charged in *Kotteakos* represented spokes of a wheel connected by one common broker at the center, but without a rim connecting the individual conspiracies. *Id.* at 755. Here, the evidence does not deviate from the acts charged in the indictment. Defendant was charged with offering beneficiaries money in exchange for documents that would allow services to be billed to Medicare that were never rendered and that Defendant received payment for his recruiting efforts. Unlike the conspiracy in *Kotteakos*, the evidence demonstrated the connection of individual conspirators and agreements by a rim. Recruiters like Defendant knew of and had contact with other co-conspirators. Shahab was not simply a common link, but rather the mastermind of the fraudulent activity at Patient Choice and All American. As shown in the

4

previously listed testimony, the Government showed that Defendant was aware of the overall conspiracy between Shahab and others and had agreed to participate in the overall conspiracy. The Court finds that there was no variance between the evidence presented at trial and the indictment.

**III.**

In conclusion, the Court finds that Defendant has not satisfied his burden of showing that he is entitled to acquittal or, in the alternative, a new trial. Accordingly,

IT IS ORDERED that Defendant's Motion for Judgment of Acquittal or the Alternative , for a New Trial [Docket No. 524, filed November 16, 2012] is DENIED.

IT IS FURTHER ORDERED that Defendant's Rule 29 Motion [Docket No. 530, filed November 29, 2012] is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 23, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 23, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager